## S91A1221. AMAN v. THE STATE.
(409 SE2d 645)

WELTNER, Justice.

Peter Paul Aman was convicted for violation of OCGA § 16-12-100 (b) (8), which provides:

> It is unlawful for any person knowingly to possess or control any material which depicts a minor engaged in any sexually explicit conduct.

1. (a) Aman contends that under the holding of *Stanley v. Georgia,* 394 U. S. 557 (89 SC 1243, 22 LE2d 542) (1969), he is not lawfully subject to prosecution for possession of such materials in his own home.

(b) In *Osborne v. Ohio*, 495 U. S. ___ (110 SC 1691, 109 LE2d 98) (1990), the United States Supreme Court stated:

> [W]e . . . find this case distinct from *Stanley* because the interests underlying child pornography prohibitions far exceed the interests justifying the Georgia law at issue in *Stanley*. . . . "It is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.' . . . The legislative judgment, as well as the judgment found in relevant literature, is that the use of children as subjects of pornographic materials is harmful to the psychological, emotional, and mental health of the child. That judgment, we think, easily passes muster under the First Amendment." [Cit.] It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand. [Id. 109 LE2d at 108, 109.][1]

2. (a) One of the stated purposes of the Georgia statute is to "prohibit sexual exploitation of children" (Ga. L. 1978, p. 2193), which is consistent with the rationale of *Osborne*. Hence, the statutory term "depict a minor" must be understood as limited to any photographic representation that was made of a human being who at that time was a minor and was "engaged in any sexually explicit conduct," as defined by the statute.

(b) The term "depict a minor" being construed narrowly, the statute is not unconstitutional. Compare *Harris v. Entertainment Systems, Inc.*, 259 Ga. 701 (1) (386 SE2d 140) (1989).

3. The enactment of a state statute affecting an area of the law that is not addressed by the federal statute concerning child pornography law (18 USCS § 2251) does not violate the Supremacy Clause of the United States Constitution. United States Const., Art. VI, cl. 2.[2] See *Exxon Corp. v. Ga. Assn. of Petroleum Retailers*, 484 FSupp.

---

[1] The United States Supreme Court found a similar argument persuasive in *New York v. Ferber*, 458 U. S. 747, 761-762 (102 SC 3348, 73 LE2d 1113) (1982):

The advertising and selling of child pornography provide an economic motive for and are thus an integral part of the production of such materials, an activity illegal throughout the Nation. "It rarely has been suggested that the constitutional freedom for speech and press extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute." [Cit.]

[2] This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

1008 (N.D. Ga. 1979), aff'd, 644 F2d 1030 (5th Cir.), cert. denied, 454 U. S. 932 (102 SC 430, 70 LE2d 239) (1981), which held:

> The preemption doctrine [of the Supremacy Clause] may apply: (1) where there is direct conflict between state and federal regulation; (2) where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," [cit.], or (3) where Congress has "occupied the field" in a given area so as to oust all state regulation. . . . [Id. 484 FSupp. at 1017.]

4. The search of premises and seizure of materials were lawful under the rule of *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984).

*Judgment affirmed. All the Justices concur.*

HUNT, Justice, concurring.

I agree with the majority that to rectify the statute's facially unconstitutional overbreadth, we must construe it so that the *depiction* of a minor be limited to a photographic representation of a "minor engaged in any sexually explicit conduct." In *Osborne v. Ohio*, 495 U. S. ____ (110 SC 1691, 1696, 109 LE2d 98) (1990), the United States Supreme Court upheld Ohio's law banning the possession of child pornography, noting the state's compelling interest in " 'safeguarding the physical and psychological well-being of a minor.' " This interest is served by banning the possession of child pornography that is based on the use of a live child model. It is not served by, nor is there a legitimate basis for, legislation prohibiting other clearly constitutionally protected materials which "depict" a minor engaged in sexually explicit conduct as defined in OCGA § 16-12-100 (4).[3] Aman's conviction, based on his possession of pornographic videotapes of children engaged in sexually explicit conduct and magazines containing photographs of children engaged in such conduct, is properly affirmed.

I am authorized to state that Presiding Justice Smith joins in this concurrence.

---

[3] The Ohio statute under consideration in *Osborne v. Ohio*, supra, clearly exempts from prosecution the possession of art, literature, and other constitutionally protected works. Rev. Code Ann. 2907.323 (A) (3) (Supp. 1989). Id. at 110 SC 694. While OCGA § 16-12-100 (d) contains certain limited exemptions, possession of artistic or literary works is not among them.

DECIDED OCTOBER 21, 1991 —
RECONSIDERATION DENIED NOVEMBER 8, 1991.

*G. Wayne Lancaster,* for appellant.
*Gerald N. Blaney, Jr., Solicitor,* for appellee.