A06A2310. COLE v. THE STATE.
(643 SE2d 733)

RUFFIN, Judge.

Albert Gerald Cole pleaded guilty to possessing cocaine with intent to distribute and speeding. He appeals the trial court's denial of his motion to withdraw his plea. Finding no error, we affirm.

The record shows that the trial court appointed an attorney, John Connolly, to represent Cole. Approximately two years later — and five days before his trial began — Cole retained a new lawyer, Marsha Lake. Immediately before jury selection, Lake appeared on behalf of Cole and requested a continuance of the trial, and Connolly sought to withdraw as counsel. The trial court denied both Lake's motion for continuance and Connolly's motion to withdraw. Instead, the court permitted Lake to represent Cole, but required Connolly to remain as additional counsel.[1] Connolly sat at the defense table throughout voir dire. Following jury selection, Cole entered a guilty plea. Cole subsequently filed a motion to withdraw his guilty plea, alleging ineffective assistance of counsel, and the trial court denied the motion.

On appeal, Cole argues that he was entitled to withdraw his plea because the trial court affirmatively interfered with his right to his

---

[1] At the hearing on the motion to withdraw the plea, the trial court explained that "[t]he reason the [c]ourt obviously left Mr. Connolly in the case was because the [c]ourt anticipated that, notwithstanding her attempt to do so, Ms. Lake might not be prepared and the [c]ourt was hedging the bets, but the [c]ourt did not want to see the case delayed again. Everything was given to Mr. Cole to choose or not choose as he preferred."

retained counsel of choice by requiring Connolly's participation and presence during the trial. Specifically, Cole contends that Connolly's participation in his case pervaded his confidential attorney-client relationship with Lake and that he entered his guilty plea because he was "[b]urdened with the forced presence of . . . Connolly."

At the hearing on his motion for new trial, Cole explained that he hired Lake because he was not satisfied with Connolly's representation. Cole further alleged that Connolly's continued presence created a chilling effect, hampering his ability to communicate with Lake, his counsel of choice. Cole also stated that he was ultimately "forced" into pleading guilty because "Connolly put pressure on . . . Lake to force me to plead guilty."

According to Connolly, Lake initiated, discussed, and recommended the guilty plea to her client. Although he attempted to speak to Cole about the plea, Connolly was "advised that [his] opinion was not really wanted regarding the plea issue . . . [s]o [he] accepted that suggestion and basically just waited outside while [Cole and Lake] talked about it." Connolly further explained that he attempted to assist Lake during jury selection, but that "making any kind of recommendations for or against accepting the plea . . . was not [his] role." Finally, Connolly emphatically denied "ever prevent[ing] [Cole] from obtaining or taking advice and counsel from . . . Lake."

Lake testified that she initially believed that the State was not going to be able to properly prove chain of custody. After jury selection, she examined the evidence and realized that Cole had no defense regarding chain of custody. Thereafter, Cole decided to enter a guilty plea. According to Lake, although Connolly was initially present during the plea discussions, he left the room after he realized that Cole did not want him present. Lake also testified that Cole's plea was entered freely and voluntarily and she denied that Connolly ever interfered with her advice to Cole.

1. Initially, we note that Cole has failed to show that he objected to the trial court's denial of Connolly's motion to withdraw or to Connolly's presence and assistance during the trial and plea. The transcript of the trial, including Connolly's motion to withdraw, the trial court's denial of that motion, and Lake's entry of appearance, are not part of the appellate record.[2] Therefore, we cannot determine whether Cole objected to the trial court's requirement that Connolly

---

[2] Cole's notice of appeal states that "[n]o portion of the record is to be omitted on appeal. The Clerk will kindly take notice that a transcript of evidence will be included with a record on appeal, including: a guilty plea hearing on May 19, 2005; a motion to withdraw hearing on August 26, 2005[;] and a motion to withdraw guilty plea hearing on June 8, 2005." The notice does not specifically reference a transcript from May 18, 2005, the date that the trial began and Connolly's motion to withdraw was denied.

remain in the case to assist Lake. Indeed, Cole has not shown in the record that he advised the trial court — until after he filed a motion to withdraw his plea — that he was dissatisfied with Connolly's representation and/or that he believed that Connolly's continued presence would interfere with his trial or his attorney-client relationship with Lake.

It is Cole's burden to show error in the record and his obligation to complete it, including taking the necessary steps to ensure that transcripts are timely filed.[3] Therefore, because Cole has not met his burden to ensure that the necessary portions of the record were transmitted on appeal, we deem this enumeration — his sole argument on appeal — abandoned.[4]

2. Notwithstanding his waiver, however, Cole has not shown that the trial court erred in denying his motion to withdraw his plea. To establish ineffective assistance of counsel, a defendant is required to show both that counsel's performance was deficient and that he was prejudiced by the alleged deficiency.[5] "The prejudice component in the context of a guilty plea . . . is met by showing 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[6] Cole, however, asserts that he is not required to show prejudice in order to have his plea set aside. We disagree.

A defendant is relieved of his burden of establishing prejudice resulting from counsel's error in three instances: "(1) an actual or constructive denial of counsel, (2) government interference with defense counsel, and (3) counsel that labors under an actual conflict of interest that adversely affects his performance."[7] Cole relies on *United States v. Gonzalez-Lopez*,[8] in which the Supreme Court states that "[w]here the right to be assisted by counsel of one's choice is wrongly denied, . . . it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation."

Cole's reliance on *Gonzalez-Lopez* is misplaced, however. In *Gonzalez-Lopez*, the government conceded that the trial court erroneously denied the defendant his counsel of choice when it denied his retained out-of-state attorney's motion for admission pro hac vice.[9] Here, Cole was not denied his counsel of choice. Instead, because the

---

[3] See *Johnson v. State*, 254 Ga. 591, 598 (10) (331 SE2d 578) (1985); *Thompson v. State*, 248 Ga. App. 74 (544 SE2d 510) (2001).

[4] See *Johnson*, supra.

[5] See *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003).

[6] Id.

[7] Id.; see *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] ___ U. S. ___ (126 SC 2557, 2563, 165 LE2d 409) (2006).

[9] Id., 126 SC at 2561, 2566.

trial court was concerned that Lake was not adequately prepared for trial and, presumably to avoid a post-trial claim of ineffectiveness of counsel based upon her unfamiliarity with the case and perceived lack of preparation, it permitted Lake to represent Cole and merely required Connolly to assist if necessary.[10]

Thus, Cole is not relieved of his burden of establishing prejudice.[11] Indeed, he does not argue that he was actually prejudiced by the trial court's denial of Connolly's motion to withdraw. Cole has not shown — by establishing that there was a reasonable probability that he would not have pleaded guilty and insisted on going to trial — that he was prejudiced by the trial court's requirement that Connolly remain present at the defense table.[12]

Although Cole broadly alleged during the hearing on his motion for new trial that Connolly interfered with his attorney-client relationship with Lake, Cole simply states that Connolly's presence was the problem. Cole has not shown specifically *how* Connolly's presence interfered with that relationship. And, although he contends generally that Connolly pressured Lake into forcing Cole to plead guilty, he offers no evidence or specific explanation to support this claim. To the contrary, he explained at the hearing on his motion for new trial that he decided to enter a guilty plea because he realized he would be unable to challenge the chain of custody and likely would lose at trial. Connolly was largely uninvolved in the plea discussions with Cole, and Lake testified that Cole entered his plea freely and voluntarily, based upon a realization regarding the evidence. Finally, the trial court denied Cole's motion to withdraw his guilty plea, concluding that Cole made the voluntary decision to enter his plea, having nothing to do with anything that Lake or Connolly did.[13] Under these circumstances, Cole has not shown error by the trial court's ruling.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[10] Although the Sixth Amendment guarantees a defendant who is financially able to retain the services of an attorney the right to secure counsel of his own choosing, it does not require that a defendant be permitted to retain any attorney at any time he chooses. *Lynd v. State*, 262 Ga. 58, 62 (9) (a) (414 SE2d 5) (1992). Thus, "[a] defendant's right to counsel may not 'be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.' " Id. (a trial court acts within its discretion to require a defendant to accept the appointment of an attorney or to retain a more experienced attorney when the court is concerned about the inexperience of the defendant's retained attorney); see also *Stewart v. State*, 239 Ga. App. 543, 544 (2) (521 SE2d 468) (1999) (defendant is not denied his Sixth Amendment right to counsel of his choosing when trial court denies his request to continue the trial so that he can obtain new counsel).

[11] See *Heath*, supra.

[12] See id.

[13] See *Battle v. State*, 234 Ga. App. 143, 145 (4) (505 SE2d 573) (1998) (unless clearly erroneous, we will affirm a trial court's finding that counsel has rendered effective assistance).

DECIDED JANUARY 31, 2007 —
RECONSIDERATION DENIED MARCH 19, 2007 — 

*H. Maddox Kilgore*, for appellant.

*Garry T. Moss, District Attorney, Robert G. Morton III, Assistant District Attorney*, for appellee.