A07A2035. DUFFEY v. THE STATE.
(656 SE2d 167)

BARNES, Chief Judge.

After pleading guilty, Zalous G. Duffey appeals his conviction for statutory rape, incest, and child molestation. He contends that his guilty plea was not made knowingly and voluntarily, and that his case should be remanded to determine whether his trial counsel was ineffective. For the reasons that follow, we affirm.

Duffey pled guilty on June 23, 2003, to one count each of statutory rape, incest, and child molestation, and was sentenced to serve a total of 20 years in prison. He filed a pro se appeal within 30 days, claiming ineffective assistance of counsel, which sat dormant for three and a half years. In January 2007, pursuant to his motion, the trial court appointed new counsel to prosecute the appeal.

1. For a guilty plea to be valid, the record must "disclose that the defendant voluntarily and understandingly entered his plea[ ] of guilty." (Citation and punctuation omitted.) *Boykin v. Alabama*, 395 U. S. 238, 244 (89 SC 1709, 23 LE2d 274) (1969). The record must show that the defendant voluntarily and knowingly waived his rights against self-incrimination, trial by jury, and to confront his accusers, although the trial court need not use any particular language to inform the defendant of those rights. Id. at 243; *Hawes v. State*, 281 Ga. 822, 824 (642 SE2d 92) (2007).

Thus, as long as the trial court, in explaining the three constitutional rights an accused must waive in order to enter a valid guilty plea, makes "sure" the accused has a "full understanding" of the concepts involved, the appellate courts

> will not invalidate a guilty plea for failure to use the precise
> language of those three rights as set forth in *Boykin*. . . .

Id.

In this case, Duffey contends that, while the record establishes affirmatively that he waived his right to trial by jury and to confront his accusers, it does not establish that he waived his right against self-incrimination. The transcript of the guilty plea reflects that Duffey was not in the courtroom at the beginning of the hearing when the trial court called the calendar and said, "Gentlemen, we're here because I've been told that you wish to dispose of certain. . . ." Duffey's counsel interrupted and said, "Your Honor, we're still waiting on Zalous Duffey." The court replied, "Thank you, sir." After an unrecorded bench conference, the court commenced its speech again, beginning with the same words it used before Duffey's attorney interrupted. We can reasonably assume that Duffey was by then present in the lineup and heard his right to remain silent along with the other defendants, considering that the judge stopped the proceedings when notified of Duffey's absence. Further, Duffey's trial counsel did not object when the trial court started the proceedings again and informed the defendants of their right to remain silent. Therefore we find no merit to this enumeration.

2. Duffey also contends that his trial counsel was ineffective because he did not mount his defense with sufficient advocacy, energy, and diligence, and did not communicate sufficiently with him.

> A criminal defendant has the absolute right to file a timely
> direct appeal from a judgment of conviction and sentence
> entered after a jury or bench trial. However, a criminal
> defendant has no unqualified right to file a direct appeal
> from a judgment of conviction and sentence entered on a
> guilty plea. A direct appeal will lie from a judgment of
> conviction and sentence entered on a guilty plea only if the
> issue on appeal can be resolved by facts appearing in the
> record.

(Citations and punctuation omitted.) *Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997). A defendant who seeks to appeal a guilty plea on the ground of ineffective assistance of counsel must develop those issues in a post-plea hearing and may not file a direct appeal if the only evidence in the record is the transcript of the guilty plea hearing. Id. The proper remedy is to move to withdraw the plea or, if the term of court in which the plea was entered has expired, to petition for a writ of habeas corpus. *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996). Duffey did not move to withdraw his guilty

plea due to ineffective assistance of counsel, and the only evidence in the record is the transcript of his guilty plea hearing. None of Duffey's complaints can be resolved by this transcript. We thus deny Duffey's motion to remand this case to the trial court for an evidentiary hearing.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED DECEMBER 14, 2007 —
RECONSIDERATION DENIED JANUARY 9, 2008.

*John G. Edwards*, for appellant.

*J. David Miller, District Attorney, Tracy K. Chapman, Assistant District Attorney*, for appellee.