### A08A0589. BENNETT v. THE STATE.
(665 SE2d 365)

BERNES, Judge.

Troy Ray Bennett entered into a nonnegotiated guilty plea on 24 counts of sexual exploitation of a child based upon his replication of sexually explicit images involving young children. The trial court sentenced Bennett to 220 years to serve, followed by 20 years of probation. The trial court also ordered that Bennett undergo medroxyprogesterone acetate injections, or chemical castration, as a condition of his probation. On appeal from his guilty plea, Bennett argues that the length of his sentence is unlawful and violates the Eighth and Fourteenth Amendments to the United States Constitution and that the imposition of chemical castration as a condition of his probation violates Georgia law. He further asserts that his trial counsel was ineffective and that the trial court committed error during the plea hearing and the hearing on his motion for an out-of-time appeal. We find that the trial court's order that Bennett undergo chemical castration as a condition of probation was erroneous, since this case did not involve a conviction on aggravated child molestation; we therefore vacate that special condition. We affirm the trial court's ruling in all other respects.

During the plea hearing, Bennett admitted to the following facts. Law enforcement officers executed a search warrant for Bennett's residence based upon information that he had sent suspicious photographs of two young girls over the internet to someone located in Ireland. During the search, the officers seized the hard drive of Bennett's computer and various compact discs that he had created. It was later determined that Bennett possessed nearly 11,000 sexually explicit photographs involving minor children. The digital

---

[11] *Veal v. State*, 191 Ga. App. 445, 446 (2) (382 SE2d 131) (1989) (citation omitted).

material had been downloaded onto his computer hard drive and/or the compact discs over a period of two to four years. At least several of the images had been taken from a camera that was identical as far as the make and model to Bennett's camera that was seized during the search. The officers also collected approximately 50 printed sexually explicit photographs containing children near Bennett's bed, as well as little girls' underwear and socks. DNA material gleaned from the socks matched that of Bennett.

Bennett was evaluated by two different psychologists and readily admitted that he was a pedophile. He further admitted that he had a fetish for little girls' feet.

The state indicted Bennett on 24 counts of sexual exploitation of children, OCGA § 16-12-100 (b) (5), based upon a representative sample of 24 individual photographs. The photographs contained explicit images of babies and young children engaged in sexual acts with adult males, and were similar to the thousands found in his residence. Bennett entered into a nonnegotiated guilty plea with the state pursuant to which he pled guilty to all 24 counts. The trial court sentenced him to twenty years to serve on Counts 1 through 10, to run consecutive; twenty years on Counts 11 through 20, ten years to serve followed by ten years of probation, to run consecutive with Counts 1 through 10 but concurrent with each other; and twenty years on Counts 21 through 24, ten years to serve followed by ten years of probation, to run consecutive with Counts 1 through 20 but concurrent with each other.

In November 2005, Bennett filed a timely motion to withdraw his guilty plea.[1] The trial court issued an order on Bennett's motion in February 2006, after Bennett had failed to request a hearing or otherwise pursue the motion. In its order, the trial court deemed the motion abandoned, but nonetheless stated that the court had reviewed the merits of Bennett's claims and denied the motion. It is from this order that Bennett now appeals.[2]

1. In several enumerations of error, Bennett asserts that the prison sentence imposed upon him is void as both unlawful and unconstitutional. Specifically, he contends that the trial court's sentence reflects the court's belief that he had created, as opposed to reproduced, the 24 images obtained from his residence. He further

---

[1] Bennett's motion as filed in the trial court was titled a "Motion to Vacate an Illegal and Unconstitutional Sentence and or a Motion for Reconsideration of that Sentence and a Motion for New Trial." That motion is being treated as a motion by Bennett to withdraw his guilty plea. See *Mathis v. State*, 199 Ga. App. 538 (405 SE2d 528) (1991).

[2] Bennett also attempted to file an untimely application for discretionary review in this Court, which was denied. He then sought and received an out-of-time appeal from the trial court.

argues that, as a duplicator of child pornography, he should not be sentenced as harshly as one who creates it. He concludes therefore that his sentence results in cruel and unusual punishment in violation of his Eighth Amendment rights and deprives him of equal protection in violation of his Fourteenth Amendment rights. We disagree.

Georgia's law governing the sexual exploitation of children was adopted by our legislature and codified in OCGA § 16-12-100. That statute provides that "[i]t is unlawful for any person knowingly to create [or] reproduce . . . any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (b) (5). The statute represents the state's compelling interest "in safeguarding the physical and psychological well-being" of minor children by protecting them from being subjects of pornography, which is obviously "harmful to [their] psychological, emotional, and mental health." (Citation, punctuation and footnote omitted.) *Aman v. State*, 261 Ga. 669, 670 (1) (b) (409 SE2d 645) (1991). The legislature intended for the statute to decrease the production of child pornography not only by penalizing those who make it, but also those who possess and view it. Id. Consequently, any violation of the statute is punishable by a prison sentence ranging from five to twenty years. OCGA § 16-12-100 (g) (1).

Here, Bennett pled guilty to 24 separate counts of sexual exploitation of children. It is irrelevant under the terms of the statute whether he created or merely duplicated the images. OCGA § 16-12-100 (b) (5). It is clear from the record that, regardless how he originally obtained the pictures, he duplicated 24 separate and distinct images depicting different sexual acts being committed upon various children. Furthermore, the images were representative of thousands of similar pictures that Bennett had collected over a period of years. Consequently, it was entirely proper for Bennett to be convicted and sentenced for each individual violation of the child exploitation statute. See OCGA § 16-1-7 (a) ("When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime."); *G & E Business Svcs. v. State*, 156 Ga. App. 391, 391-392 (1) (274 SE2d 644) (1980) (thirty-nine separate convictions based upon the exhibition of thirty-nine obscene movies to two officers over two days); *Wood v. State*, 144 Ga. App. 236, 236-237 (2) (240 SE2d 743) (1977) (two separate convictions based upon two distinct sales of obscene material to a single officer in the same day). See also *Keown v. State*, 275 Ga. App. 166, 169-170 (2) (620 SE2d 428) (2005) (five separate convictions of aggravated child molestation based upon distinct acts committed against the same victim over the period of a year);

*Eggleston v. State*, 247 Ga. App. 540, 543-544 (3) (544 SE2d 722) (2001) (five separate convictions of child molestation based upon distinct unlawful acts committed against the victim during a single incident). We simply reject Bennett's assertion that his crimes should "be deemed a single impulse."

Having determined that it was proper for the trial court to impose a separate sentence upon Bennett on each of his 24 convictions, we address his claim that the judge's sentence was biased and unconstitutionally severe. By requiring that Bennett serve only ten years of his twenty-year sentences on Counts 11 through 20 and 21 through 24, and by ordering that those sentences run concurrent to each other, Bennett was actually spared serving the maximum amount of prison time authorized by the statute. See OCGA § 16-12-100 (g) (1). "[I]t is well established that the trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it." (Citation, punctuation and footnote omitted.) *Taylor v. State*, 261 Ga. App. 248, 249 (3) (582 SE2d 209) (2003); *Pollard v. State*, 230 Ga. App. 159, 161 (5) (495 SE2d 629) (1998) (concluding that "[a] determinate sentence which falls within statutorily mandated parameters is not subject to attack" on constitutional grounds) (citation omitted). See *Anderson v. State*, 246 Ga. App. 189, 191 (2) (539 SE2d 879) (2000). It is also indisputable that it was within the trial court's dominion to impose consecutive, as opposed to concurrent, sentences. See OCGA § 17-10-10 (a); *Jones v. State*, 232 Ga. 771, 777 (7) (208 SE2d 825) (1974).

We nonetheless note that Bennett failed to put forth any evidence to establish that the sentencing range proscribed by the legislature "makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering" or that it "is grossly out of proportion to the severity of the crime." (Citation and punctuation omitted.) *Widner v. State*, 280 Ga. 675, 676 (1) (631 SE2d 675) (2006).

> Legislative enactments constitute the clearest and most objective evidence of how contemporary society views a particular punishment. As a result, the issue of punishment is generally one for the legislative branch, and legislative discretion is deferred to unless the sentence imposed shocks the conscience.

(Citations and punctuation omitted.) Id. Our collective conscience is not shocked by Bennett's sentence in light of the crimes that he committed.

2. The trial court was not authorized to order Bennett to

undergo chemical castration as a special condition of his probation. See OCGA § 16-6-4;[3] *Johnson v. State*, 280 Ga. App. 341, 347 (7) (634 SE2d 134) (2006) (recognizing the limited circumstances under which such a condition could be lawfully imposed). We therefore vacate that portion of Bennett's sentence.

3. (a) Bennett also argues that he pled guilty because his trial counsel was ineffective. "A claim of ineffective assistance of counsel must be filed at the earliest practicable moment, or it is considered to be waived." (Citation omitted.) *Trauth v. State*, 283 Ga. 141, 143 (3) (657 SE2d 225) (2008). Because Bennett failed to raise the issue of ineffectiveness in his first post-plea motion, the issue was waived. Id.

Nonetheless, in order to establish a claim for ineffective assistance of counsel, Bennett must show both that his counsel was deficient and that he was prejudiced by that deficiency. *Cole v. State*, 284 Ga. App. 246, 248 (2) (643 SE2d 733) (2007). "The prejudice component in the context of a guilty plea is met by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Punctuation and footnote omitted.) Id. Bennett completely failed to meet his burden by developing a record below in support of his claims that his counsel's performance was deficient or that he would not have pled guilty but for that deficiency. See *Duffey v. State*, 289 Ga. App. 141, 142 (2) (656 SE2d 167) (2008) ("A defendant who seeks to appeal a guilty plea on the ground of ineffective assistance of counsel must develop those issues in a post-plea hearing. . . .") (citation omitted). Consequently, even if not waived, Bennett's claim fails.

(b) Bennett further argues that the trial court erred in allowing the district attorney to comment on the effectiveness of his prior counsel during the motion for out-of-time appeal. Bennett fails to specifically identify in the record the subject of his objection. Nonetheless, the record reveals that the only relevant comment made by the district attorney relating to Bennett's former counsel was made in argument in opposition to Bennett's motion. This enumeration is thus without merit.

4. Finally, Bennett argues that the trial court erred in failing to advise him of his right to a direct appeal and his right to withdraw his plea during the plea hearing. Contrary to Bennett's assertions, he had no unqualified right to a direct appeal and the trial court did not

---

[3] At the time that Bennett was sentenced, OCGA § 16-6-4 (d) (2) authorized the court to order a defendant convicted of aggravated child molestation to undergo chemical castration as a special condition of probation. The statute was amended in 2006 to eliminate that authority. See Ga. L. 2006, p. 379, § 11, effective July 1, 2006.

err in failing to inform him of such a nonexistent right. See *Johnson v. State*, 275 Ga. 390, 391 (2) (565 SE2d 805) (2002); *Pitts v. State*, 265 Ga. App. 633, 635 (2) (e) (595 SE2d 322) (2004).

Nor did Bennett have an unqualified right to withdraw his nonnegotiated guilty plea. See, e.g., *Thomas v. State*, 287 Ga. App. 500 (1) (651 SE2d 801) (2007). Although Bennett cites to Uniform Superior Court Rule 33.12 as the alleged source of this right, that Rule allows the withdrawal of a guilty plea only if "necessary to correct a manifest injustice." USCR 33.12 (A). As set forth above, Bennett has failed to establish that a manifest injustice occurred in this case. Furthermore, the record reveals that after accepting Bennett's plea but prior to sentencing him, the trial court asked Bennett if he desired to withdraw his plea, to which Bennett responded in the negative. After the sentencing, the trial court informed Bennett both of his right to appeal his sentence to the sentence review panel and to challenge his conviction by writ of habeas corpus. Bennett has thus failed to show any error warranting a withdraw of his guilty plea or a vacation of his sentence.

*Judgment affirmed in part and vacated in part. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 18, 2008 —
RECONSIDERATION DENIED JULY 2, 2008.

Troy R. Bennett, *pro se.*

*Louie C. Fraser, District Attorney, Cheryl A. Banks, Assistant District Attorney*, for appellee.