## A09A1736. CARLETON v. THE STATE.
(690 SE2d 426)

SMITH, Presiding Judge.

Clayton Carleton appeals from two decisions of the trial court: his judgment of conviction and sentence on a guilty plea; and the trial court's refusal to consider his motion to withdraw his plea, alleging ineffective assistance of counsel.[1] The trial court correctly concluded that it had no jurisdiction to consider Carleton's motion to withdraw his guilty plea, and Carleton may not file a direct appeal of his guilty plea on the ground of ineffective assistance of trial counsel when the record contains only the transcript of the plea hearing. We therefore affirm.

On January 24, 2007, Carleton entered an *Alford* plea[2] to three counts of rape, three counts of child molestation, and two counts of aggravated child molestation. His trial counsel filed a notice of appeal on February 2, 2007, and four days later moved to withdraw as counsel. That motion was granted on February 6, 2007, new counsel was appointed on February 22, 2007, and he entered an appearance on March 1, 2007.

On March 15, 2007, new counsel filed a motion to withdraw the plea of guilty and for trial, contending that Carleton "received ineffective assistance of counsel, did not understand the nature of the sentencing hearing and did not understand his rights under the United States Constitution and the Georgia Constitution." The trial court denied this motion on the basis that it lacked jurisdiction to hear the motion.

---

[1] OCGA § 5-6-34 (d) grants this court authority to review all judgments or rulings rendered in a case properly before the court, without regard to the appealability of that judgment or ruling.

[2] See *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

1. The trial court correctly concluded that it lacked jurisdiction to consider Carleton's motion to withdraw his guilty plea. "The filing of a notice of appeal divests the trial court of jurisdiction to alter a judgment while appeal of that judgment is pending." (Citations and punctuation omitted.) *Rocha v. State*, 287 Ga. App. 446, 448 (1) (b) (651 SE2d 781) (2007) (once notice of appeal filed, trial court could not modify or vacate order on motion to withdraw guilty plea). Moreover, the motion was filed after expiration of the term of court in which Carleton's guilty plea was entered. See OCGA § 15-6-3 (15) (Dougherty County terms of court begin second Monday in January, March, May, July, September, and November).

> It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea. Once the term of court in which a defendant was sentenced has expired, the only available means for an appellant to withdraw his guilty plea is through habeas corpus proceedings.

(Citation and punctuation omitted.) *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005).

2. Carleton's claim of ineffective assistance of counsel cannot be directly appealed, for the same reason.

> A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial. However, a criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.
>
> A defendant who seeks to appeal a guilty plea on the ground of ineffective assistance of counsel must develop those issues in a post-plea hearing and may not file a direct appeal if the only evidence in the record is the transcript of the guilty plea hearing. The proper remedy is to move to withdraw the plea or, if the term of court in which the plea was entered has expired, to petition for a writ of habeas corpus.

(Citations and punctuation omitted.) *Duffey v. State*, 289 Ga. App. 141, 142 (2) (656 SE2d 167) (2007). Carleton having failed to move to

withdraw his guilty plea before the term of court expired, he may not obtain a hearing on remand and must petition for a writ of habeas corpus. Id.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED JANUARY 13, 2010.

*Gerald B. Williams*, for appellant.

*Gregory W. Edwards, District Attorney, Christopher S. Cohilas, Assistant District Attorney*, for appellee.