**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 14, 2018**

# In the Court of Appeals of Georgia

A18A0853. THE STATE v. WILLIAMS.

RICKMAN, Judge.

This issue presented in this case is whether Georgia's statute governing the possession and control of child pornography, OCGA § 16-12-100 (b) (8), allows the State to charge a criminal defendant for each separate and distinct image he or she is alleged to have possessed, or whether the statute instead criminalizes a course of conduct, such that for any given search, the defendant may be charged only a single count of possession regardless of the number of images involved. We conclude that the plain language of the statute, when read in its entirety, allows for a charge and conviction on each and every image possessed and, consequently, reverse the contrary ruling made by the trial court.

OCGA § 16-12-100 (b) (8) provides that, "[i]t is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." Keith Eric Williams was indicted on 48 separate counts of sexual exploitation of children in violation of OCGA § 16-12-100 (b) (8), after a search of several electronic devices located in his home allegedly uncovered numerous images of child pornography. Each count of the indictment described an image depicting a minor engaged in specific sexually explicit conduct "separate and distinct from any other count alleged."

Williams filed a demurrer seeking to dismiss counts two through 48 of the indictment, arguing that they were multiplicitous of the first count. The trial court agreed, concluding that the legislature's use of the phrase "any material" in OCGA § 16-12-100 (b) (8) meant that a "simultaneous possession of multiple pornographic images, in a single location, on one specific day"[1] was intended to constitute a single act of possession. We disagree.

---

[1] The trial court appeared to define the terms "a single location" and "one specific day" broadly, since the illicit images were allegedly discovered on several different electronic devises, and although they were found during a single search on one specific day, there was no evidence that they were obtained or possessed only on that day.

"Multiplicity is the charging of the same crime in several counts of a charging document." (Citation and punctuation omitted.) *Chancey v. State*, 256 Ga. 415, 433 (7) (349 SE2d 717) (1986). Because "it is the task of the legislature, not the courts, to define crimes and set the range of sentences," the determination of whether a course of conduct can result in multiple violations of the same statute is a matter of statutory interpretation. (Citation and punctuation omitted.) *Rooney v. State*, 287 Ga. 1, 6 (3) (690 SE2d 804) (2010); see *Sanabria v. U. S.*, 437 U. S. 54, 69 II (B) (98 SCt 2170, 57 LEd2d 43) (1978) (noting that "[f]ew, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses"). Thus, when faced with a multiplicity challenge, we are required to ascertain "the 'unit of prosecution,' or the precise act or conduct that is being criminalized under the statute." (Footnote omitted.) *State v. Marlowe*, 277 Ga. 383, 384 (589 SE2d 69) (2003); see *Sanabria*, 437 U. S. at 70 II (B) ("Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on [the allowable unit of prosecution prescribed by the legislature].") (footnote omitted).

We begin our analysis by recognizing that "[a] statute draws its meaning, of course, from its text." (Citation and punctuation omitted.) *Dubois v. Brantley*, 297 Ga. 575, 579 (2) (775 SE2d 512) (2015). To that end,"[t]he common and customary

3

usages of the words are important, but so is their context." (Citations and punctuation omitted.) Id. "For context, we may look to the other provisions of the same statute, the structure and history of the whole statute, and the other law–constitutional, statutory, and common law alike–that forms the legal background of the statutory provision in question." (Citations and punctuation omitted.) Id.

In its entirety, OCGA § 16-12-100 (b) criminalizes a broad range of conduct related to the sexual exploitation of children:

> (b) (1) It is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct.
>
> (2) It is unlawful for any parent, legal guardian, or person having custody or control of a minor knowingly to permit the minor to engage in or to assist any other person to engage in sexually explicit conduct for the purpose of producing any visual medium depicting such conduct.
>
> (3) It is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of any performance.

(4) It is unlawful for any parent, legal guardian, or person having custody or control of a minor knowingly to permit the minor to engage in or to assist any other person to engage in sexually explicit conduct for the purpose of any performance.

(5) It is unlawful for any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

(6) It is unlawful for any person knowingly to advertise, sell, purchase, barter, or exchange any medium which provides information as to where any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct can be found or purchased.

(7) It is unlawful for any person knowingly to bring or cause to be brought into this state any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

(8) It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

A violation of any of the above provisions is a felony[2] and is punishable by a prison sentence ranging from five to 20 years. See OCGA § 16-12-100 (f) (1).

We have previously recognized that OCGA § 16-12-100 "represents the state's compelling interest in safeguarding the physical and psychological well-being of minor children by protecting them from being subjects of pornography, which is obviously harmful to their psychological, emotional, and mental health." (Citation and punctuation omitted.) *Bennett v. State*, 292 Ga. App. 382, 384 (1) (665 SE2d 365) (2008). In furtherance of that goal, the legislature authorized equal punishment not only to those who participate in making and selling child pornography, but to those who view and possess it. See OCGA § 16-12-100 (f) (1); *Bennett*, 292 Ga. App. at 384 (1).

Reading the statute within the context of these objectives, we have little trouble concluding that the subsection (b) (8) criminalizes each individual act of possessing or controlling an image depicting child pornography. The legislature's frequent use of the word "any" throughout the statute suggests a lack of restriction or limitation with respect to the statute's intended scope. In subsection (b) (8) specifically, the term

---

[2] OCGA § 16-12-100 (f) (3) creates a narrow exception and makes certain statutory violations a misdemeanor in the event that the minor depicted was at least 14 years of age and the defendant was 18 years of age or younger.

"any material" is qualified by the singular form of the noun "minor" – "a minor or a portion of a minor's body" – indicating that each depiction of a child engaged in sexually explicit conduct constitutes a separate and distinct violation of that statutory provision. See *Coates v. State*, 342 Ga. App. 148, 151-152 (802 SE2d 65) (2017) (holding that a statute prohibiting a felony first offender from possessing "any firearm," when read in conjunction with the sentencing provision's later use of "a firearm," "expresses an unambiguous … intent to make each firearm a unit of prosecution"). Indeed, each illicit image represents an independent abuse of the child victim depicted, and signifies precisely the type of harm OCGA § 16-12-100 seeks to prevent. See *Bennett*, 292 Ga. App. at 384 (1). Given the text and context of subsection (b) (8), it would make little sense to conclude that one who possesses vast amounts of child pornography is entitled to a volume discount when its comes to prosecution and sentencing. Consequently, we reverse the ruling by the trial court dismissing counts two through 48 of the indictment as multiplicitous.

*Judgment reversed. McFadden, P. J., and Ray, J., concur.*