**FIRST DIVISION
BARNES, P. J.,
LAND and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 13, 2023**

# In the Court of Appeals of Georgia

A23A1011. HOUED-CARTACIO v. THE STATE.

WATKINS, Judge.

After Jorge Houed-Cartacio pled guilty to aggravated assault and false imprisonment,[1] the trial court sentenced him to twenty years, to serve ten. Houed-Cartacio filed a motion to withdraw his plea, arguing that he did not knowingly and intelligently enter into the plea because plea counsel had failed to disclose a conflict of interest. The trial court denied the motion, and Houed-Cartacio appeals. Because the trial court erred in its application of the two-part test of *Strickland v. Washington*[2] to Houed-Cartacio's conflict-of-interest claim, we remand with direction.

---

[1] See OCGA §§ 16-5-21 (a) (3); 16-5-41 (a).

[2] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

In February 2021, Houed-Cartacio was indicted on one count each of aggravated assault and false imprisonment. Following a hearing, he entered a non-negotiated plea in May 2022. After hearing testimony from the victim's father in aggravation and testimony from two witnesses in mitigation, the court sentenced Houed-Cartacio to twenty years, to serve ten, on the aggravated assault charge and a concurrent sentence of five years on the false imprisonment charge.

Houed-Cartacio filed a timely[3] motion to withdraw his guilty plea, arguing that plea counsel had failed to disclose a conflict of interest. Specifically, Houed-Cartacio alleged that plea counsel had damaged property of the assistant district attorney ("ADA") who was prosecuting the case[4] and was facing restitution and that Houed-

---

[3] Houed-Cartacio filed his motion in July 2022, within the same term of court as the June 2022 final disposition. See OCGA § 15-6-3 (30) (A) ("The terms of court for the superior courts for each of the judicial circuits shall commence as follows: . . . Bulloch County — First Monday in February, May, August, and November."); see also *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002) ("[W]hen the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea.") (citation and punctuation omitted).

[4] At the hearing on the motion to withdraw plea, Houed-Cartacio's post-conviction counsel stated that plea counsel had backed into the ADA's vehicle and driven off, that the incident was captured on camera, and that plea counsel's misdemeanor charges for the hit and run were still pending.

Cartacio would have found other counsel to handle his case had he known that the ADA was a victim of plea counsel.

At the hearing on the motion to withdraw, Houed-Cartacio testified that, prior to the ADA's involvement in his case, plea counsel had advised that they decline two plea offers and proceed to trial. However, after the ADA became involved, plea counsel recommended an open-ended plea. Houed-Cartacio testified that, had plea counsel informed him of the conflict of interest, he would have sought other counsel, particularly in light of plea counsel's change in recommendation from going to trial to entering an open-ended plea. Although Houed-Cartacio conceded that the court had inquired at the plea hearing whether his plea was free and voluntary and whether he was satisfied with his attorney, he testified that his affirmations were based on his understanding at the time.

The trial court denied Houed-Cartacio's motion to withdraw, finding that he had entered his guilty plea freely, voluntarily, and intelligently, as the court had confirmed at the plea hearing. The trial court found further that Houed-Cartacio had failed to demonstrate prejudice under the second prong of *Strickland v. Washington*. Specifically, the court found that "he failed to argue at the guilty plea hearing that he was concerned about his counsel's sudden change from 'go to trial' mindset to

pleading guilty mindset. Moreover, [Houed-Cartacio] testified [at the guilty plea hearing] that he had time to speak with his attorney and was satisfied with his services." Having found that Houed-Cartacio failed to demonstrate prejudice, the trial court explicitly declined to review the first prong of *Strickland*, whether counsel's performance was deficient. This appeal followed.

In related claims of error, Houed-Cartacio argues that the trial court erred in denying his motion to withdraw his guilty plea. He contends that he could not have made an informed decision to plead guilty because plea counsel did not disclose the conflict of interest. Thus, he argues, the trial court abused its discretion in denying his motion to withdraw based on the statements he made at the plea hearing.

We will not disturb a trial court's refusal to allow withdrawal absent a manifest abuse of discretion.[5] The reviewing court "accepts a trial court's factual findings and credibility determinations on an ineffectiveness claim unless they are clearly erroneous, but we apply legal principles to the facts de novo."[6] "Whether a conflict

---

[5] *Earley v. State*, 310 Ga. App. 110, 112 (712 SE2d 565) (2011).

[6] (Citation and punctuation omitted.) *Wright v. State*, 314 Ga. 355, 357 (877 SE2d 178) (2022).

4

of interest denied a defendant his right to effective counsel is a mixed question of law and fact[.]"[7]

"[W]hile a guilty plea may be withdrawn anytime before sentencing, once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice,"[8] if, for instance, a defendant was denied effective assistance of counsel or the plea was entered involuntarily.[9]

Here, the trial court found that Houed-Cartacio failed to demonstrate prejudice because he presented no evidence other than his own testimony that, had he known of the conflict, he would have hired another attorney. However, the Supreme Court of Georgia has held that, as opposed to ineffective assistance claims generally,[10]

---

[7] (Citation and punctuation omitted.) *Barrett v. State*, 292 Ga. 160, 175 (3) (c) (2) (733 SE2d 304) (2012).

[8] (Citation and punctuation omitted.) *Earley*, 310 Ga. App. at 112.

[9] See *Gay v. State*, 342 Ga. App. 242, 243 (803 SE2d 113) (2017).

[10] See, e.g., *Earley*, 310 Ga. App. at 112 ("[A] criminal defendant who seeks to withdraw his guilty plea due to ineffective assistance of counsel must meet the now familiar two-part test of *Strickland v. Washington* — deficient performance and prejudice. Specifically, a defendant . . . must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and punctuation omitted).

5

where a defendant asserts ineffective assistance of counsel based on actual conflict of interest, "the critical question is whether the conflict significantly affected the *representation*, not whether it affected the outcome of the underlying *proceedings*."[11]

"For purposes of evaluating an ineffective assistance claim, an actual conflict of interest means precisely a conflict that affected counsel's performance — as opposed to a mere theoretical division of loyalties."[12] If counsel did have an actual conflict, Houed-Cartacio need only to show that the conflict of interest significantly affected his performance.[13]

The court erred in requiring Houed-Cartacio to show that the presumed conflict of interest affected the outcome of the underlying proceedings. Because the trial

---

[11] (Citation and punctuation omitted.) *State v. Abernathy*, 289 Ga. 603, 604-605 (1) (715 SE2d 48) (2011); see also *Cole v. State*, 284 Ga. App. 246, 248 (2) (643 SE2d 733) (2007) ("A defendant is relieved of his burden of establishing [*Strickland*] prejudice resulting from counsel's error in three instances: (1) an actual or constructive denial of counsel, (2) government interference with defense counsel, and (3) counsel that labors under an actual conflict of interest that adversely affects his performance.") (citation and punctuation omitted).

[12] (Citation and punctuation omitted.) *Adams v. State*, __ Ga. __ (2) (__ SE2d __) (S23A0758 decided Sept. 19, 2023); see also id. ("[T]he alleged actual conflict of interest must not be theoretical or speculative; rather, it must be palpable and have a substantial basis in fact.") (citation and punctuation omitted).

[13] See *Ellis v. State*, 272 Ga. 763, 766 (2) (534 SE2d 414) (2000).

6

court's findings do not address whether an actual conflict of interest existed and, if so, whether it significantly affected counsel's performance, we are constrained to remand for further findings.[14]

*Judgment vacated and case remanded with direction. Barnes, P. J., and Land, J., concur.*

---

[14] See *Talbot v. State*, 261 Ga. App. 12, 16 (2) (c) (581 SE2d 669) (2003); see also *Turner v. State*, 236 Ga. App. 592, 595 (3) n. 9 (512 SE2d 699) (1999) ("Although express findings are not required when a claim of ineffective assistance of counsel is denied, they aid the appellate court's resolution of the issue.").