### 76704. McMACHREN v. THE STATE.
(371 SE2d 445)

BANKE, Presiding Judge.

The appellant filed a general plea of insanity to an indictment charging him with armed robbery and possession of a firearm during the commission of a crime. Rejecting that plea, a jury found him guilty but mentally ill on both counts. On appeal he contends, among other things, that he was entitled to an acquittal as a matter of law on the basis of his insanity defense.

During the year prior to the robbery, the appellant had complained of auditory hallucinations and had received extensive treatment, including a lengthy period of hospitalization, for schizophrenia. On September 9, 1986, his mother reported to the police that he had disappeared from her apartment and that he needed his medication. Several days later, on September 13, 1986, he robbed the cashier at a Texaco gas station and convenience store. He was apprehended shortly thereafter at a nearby McDonald's restaurant, based on the description provided to police by the Texaco cashier. He subsequently told a police investigator that he had been living in the weight room of his mother's apartment complex and in the woods during the days prior to the robbery and that he had decided to commit the robbery because he had run out of money.

The appellant presented expert psychiatric opinion testimony to the effect that he had been unable to distinguish between right and wrong at the time of the offense and had been suffering from a delusional compulsion. The state presented contrary opinion testimony from a forensic psychiatrist who had been appointed by the court to examine the appellant pursuant to OCGA § 17-7-130.1; however, unlike the defense expert, the court-appointed expert apparently had formulated his opinion without benefit of a review of the medical

records dealing with the appellant's previous psychiatric treatment. *Held*:

1. In *Brown v. State*, 250 Ga. 66, 71-72 (295 SE2d 727) (1982), the Supreme Court held that "an appropriate standard of appellate review of the sufficiency of the evidence with regard to a jury's finding of sanity in a criminal case is whether after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime." In announcing this standard of review, the Court reaffirmed its previous holdings that "because jurors are not bound by the opinions on sanity of either lay or expert witnesses, the jury may reject defense testimony on insanity even if uncontradicted; the presumption of sanity does not disappear upon the introduction of evidence to the contrary and may be relied upon by the jury even after the introduction of evidence of insanity." Id. at 71, citing *Brooks v. State*, 247 Ga. 744 (279 SE2d 649) (1981).

Citing *Stevens v. State*, 256 Ga. 440 (350 SE2d 21) (1986), the appellant contends that application of the *Brown* standard mandates the reversal of his convictions in the present case. The defendant in *Stevens* had beaten or strangled his wife to death inside their car after the couple ran out of gas on Interstate 75 in Georgia en route to Florida from Ohio. He was observed the following day standing in the parking lot of a nearby restaurant staring into space for several hours, and the police were summoned. Upon being questioned, he stated that his wife was possessed by Satan, that he had beaten Satan out of her, and that she would arise the next day at noon, rid of the devil. A forensic psychiatrist from Central State Hospital, where the defendant was sent for evaluation and treatment following his arrest, testified that the defendant had been suffering from a delusional compulsion at the time of the killing and had been unable to distinguish right from wrong. There was no contrary expert testimony tending to rebut the defendant's insanity defense; however, the trial court, sitting without a jury as the trier of fact, nevertheless rejected that defense, being persuaded, evidently, that certain actions taken by the defendant immediately after the homicide were inconsistent with an inability to distinguish right from wrong, and being further persuaded that the delusion which had prompted the defendant to commit the offense had not concerned a fact which, if true, would have justified the killing, so as to establish a defense under OCGA § 16-3-3. See *Brown v. State*, 228 Ga. 215, 217 (184 SE2d 655) (1971). On appeal, the Supreme Court disagreed with this latter determination and consequently reversed the conviction, concluding that the evidence demanded a finding that the justification requirement for a defense of delusional compulsion had been met. Id. at 442.

In the case presently before us, as in *Stevens*, there were circumstances which would have authorized a rational trier of fact to reject the testimony of the appellant's expert to the effect that the appellant had been able to distinguish between right and wrong at the time of the robbery. Specifically, it was revealed that he had told the police subsequent to his arrest that he had picked the Texaco store because it had only one clerk, and there was evidence that he had waited for the other customers in the store to leave and had kept his gun concealed prior to committing the offense. Accord *Harris v. State*, 256 Ga. 350, 355 (349 SE2d 374) (1986). In contrast to the *Stevens* case, however, there is no evidence in the present case which would support, much less demand, a finding that the appellant's conduct was the product of a delusional compulsion within the contemplation of OCGA § 16-3-3. While there was evidence that he had acted in response to inner voices which were telling him to kill himself, to kill someone else, or to "go rob something," this evidence clearly did not establish a delusion "as to a fact which, if true, would justify the act." *Brown v. State*, supra at 228 Ga. at 217-218. Moreover, the appellant's statement to police that he had decided to rob the store because he was out of money suggests that he was responding as much to reality as to the hallucinatory commands. Considering the evidence in the light most favorable to the verdict, and applying the standard of review set forth in *Brown v. State*, supra, we are consequently constrained to hold that the appellant was not entitled to a directed verdict of acquittal on the basis of his insanity defense.

2. The appellant contends that the court erred in allowing the state to call the court-appointed psychiatrist as its own witness on the sanity issue, both because OCGA § 17-7-130.1 requires that the testimony of the court-appointed expert "shall follow the presentation of the evidence for the prosecution and for the defense . . . ," and because in the written report which the expert had submitted prior to trial, he had expressed no opinion regarding the appellant's sanity at the time of the offense but had confined himself to the issue of the appellant's competency to stand trial. We do not reach either of these contentions, as we find no indication either in the appellant's brief or in the trial transcript that any such objections were raised to the witness's testimony at trial. See generally *Edwards v. State*, 224 Ga. 684 (1) (164 SE2d 120) (1968).

3. On direct examination by the state's attorney, the victim testified that she could not remember whether the appellant had actually pointed the gun at her before telling her to give him the money from the cash register or whether he had instead merely displayed the gun to her. Over the appellant's objection that a party may not impeach his own witness, the state's attorney was thereupon permitted to question the victim regarding the contents of a statement she had

previously made to the police to the effect that the appellant had in fact pointed the gun at her. The appellant's objection was properly overruled, as the rule that a party may not impeach his own witness by reference to a prior inconsistent statement was abrogated by the Supreme Court in *Davis v. State*, 249 Ga. 309 (3) (290 SE2d 273) (1982). See also *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). The reference to the witness' prior statement must be considered harmless in any event, for even after being confronted with it she continued to testify that she did not remember whether the gun was actually pointed at her, stating, "All I did, [I] seen the gun, and he scared me." It was, of course, unnecessary for the gun actually to have been pointed at the victim in order for the offense of armed robbery to have been committed. See *Maddox v. State*, 174 Ga. App. 728 (1) (330 SE2d 911) (1985).

4. In two separate enumerations of error, the appellant contends that it is violative of his rights both under OCGA § 16-1-7 and under the double jeopardy provisions of the state and federal constitutions to convict him of two separate offenses based on the same conduct. Where a robbery is committed by the use of a firearm, separate convictions for armed robbery and possession of a firearm during the commission of a crime are specifically authorized by OCGA § 16-11-106 (e). As the constitutionality of this statute has previously been upheld by the Georgia Supreme Court in *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714) (1982), we find this enumeration of error to be without merit.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JULY 11, 1988.

*James W. Howard*, for appellant.
*Robert E. Wilson, District Attorney, R. Stephen Roberts, Helen A. Pryles, Assistant District Attorneys*, for appellee.