A06A0535. MARTINEZ v. THE STATE.
(629 SE2d 485)

MILLER, Judge.

Following a jury trial, Carlos Martinez was found guilty on two counts of hijacking a motor vehicle, two counts of armed robbery, two counts of aggravated assault with a deadly weapon, and two counts of possession of a firearm during the commission of a felony. In his sole enumeration on appeal, Martinez contends that the evidence was insufficient to sustain his convictions. We find that the evidence was sufficient, and accordingly affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that Martinez and his compatriots approached two separate victims while Martinez brandished a shotgun. Martinez threatened the victims with the gun, and he and his companions stole both of the victims' cars. This evidence sufficed to sustain Martinez's convictions. See OCGA §§ 16-5-44.1 (b); 16-8-41 (a); 16-5-21 (a) (2); 16-11-106 (b) (1).

The jury was free to disbelieve Martinez's testimony that he was coerced into threatening the victims at gunpoint and participating in the car thefts.

> It is quite true that [OCGA § 16-3-26] absolves one of guilt if the act is performed under such coercion that the person reasonably believes such act is the only way to prevent his immediate death or great bodily harm. But it was for the jury to determine as to whether such coercion was the reason for the [car thefts at gunpoint], and the jury decided that question adversely to the contentions of defendant.

*Syck v. State*, 130 Ga. App. 50, 51 (202 SE2d 464) (1973); see also *Norris v. State*, 227 Ga. App. 616, 620 (4) (489 SE2d 875) (1997) ("[C]oercion is a defense only if the person coerced has no reasonable

way, other than committing the crime, to escape the threat of harm. That question is for the jury.") (citations and punctuation omitted). The jury was free to disbelieve Martinez's testimony and was authorized to find him guilty based on the evidence presented at trial.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 27, 2006.

*Maurice Brown*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.