135 P.3d 495 (2006)
132 Wash.App. 936
STATE of Washington, Respondent,
v.
Ronald MATTHEWS, Appellant.
No. 54988-0-I.
Court of Appeals of Washington, Division 1.
May 22, 2006.
*496 Greg Link, Wash.App. Project, Seattle, WA, for Appellant.
Lee Yates, King Co. Pros. Att., Seattle, WA, for Respondent.

PUBLISHED IN PART
BECKER, J.
¶ 1 A jury rejected the insanity defense presented by appellant Ronald Matthews and convicted him of first degree aggravated murder. Matthews seeks reversal of the conviction on due process grounds. We conclude the jury's rejection of the insanity defense was rationally based on the evidence when it is considered in the light most favorable to the prosecution. And when the State's expert witness modified his diagnosis, the trial court gave the defense adequate time to investigate and prepare for the change in testimony. The conviction is affirmed.
¶ 2 Ronald Matthews, after ingesting cocaine, ran naked into traffic on Coal Creek Parkway in Newcastle, Washington on June 22, 2002. Matthews was shouting racial epithets. He was banging on cars and on a Metro bus. King County Sheriff Deputy Richard Herzog arrived at the scene and ordered Matthews to get out of the street. Matthews charged him. Officer Herzog sprayed Matthews with pepper spray, but *497 Matthews was unaffected. A struggle ensued. Matthews tried to get the officer's gun from its holster. The gun fell to the ground, and the clip fell from the gun. Matthews inserted the clip into the gun and began to fire at the officer. As Officer Herzog ran away, he was felled by a bullet. Matthews stood over Officer Herzog and killed him with four shots fired directly into the back of his head.
¶ 3 A witness to the shooting came to help Officer Herzog. Matthews pointed the gun at the witness and said, "I'll shoot you, you hero." Matthews then walked back to a nearby apartment building. He climbed up a balcony and into his apartment. He put the officer's gun under the mattress of his bed. He stood on his balcony, ranting and holding a bible. He called 911, admitted killing the officer, and told the operator that he deserved the death penalty. The police arrested Matthews. They found the gun, crack cocaine residue, and drug paraphernalia in his apartment.
¶ 4 The State charged Matthews with first degree aggravated murder. Matthews entered a plea of not guilty by reason of insanity. A lengthy trial began on July 15, 2004. On August 19, after a short deliberation, the jury returned a verdict rejecting the insanity defense and finding Matthews guilty as charged. The court sentenced him to the mandatory sentence of life in prison without parole. Matthews appeals, seeking reversal of his conviction.
¶ 5 In Washington, a defendant is presumed to be sane. State v. Box, 109 Wash.2d 320, 322, 745 P.2d 23 (1987). A defendant who asserts an insanity defense must prove by a preponderance of the evidence that he was legally insane at the time of the crime. RCW 10.77.030(2). To establish an insanity defense, a defendant is required to prove:
(1) At the time of the commission of the offense, as a result of mental disease or defect, the mind of the actor was affected to such an extent that:
(a) He was unable to perceive the nature and quality of the act with which he is charged; or
(b) He was unable to tell right from wrong with reference to the particular act charged.
RCW 9A.12.010. "No condition of mind proximately induced by the voluntary act of a person charged with a crime shall constitute insanity". RCW 10.77.030(3).
¶ 6 Matthews first argues that he presented sufficient evidence to prove that he was insane at the time of the offense. While this may be true, he cites no authority for the proposition that a defendant can obtain reversal of his conviction merely by showing that he presented sufficient evidence to prove an affirmative defense.
¶ 7 The State responds, also without citing authority, that any decision by a jury against the party that bears the burden of proof is simply not reviewable.
¶ 8 In reply to this argument by the State, Matthews cites cases from other jurisdictions in which reviewing courts examined the sufficiency of the evidence supporting a jury's rejection of an insanity defense. For example, the Georgia Court of Appeals has stated that the question in reviewing the jury's determination "is whether after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime.'" McMachren v. State, 187 Ga.App. 793, 794, 371 S.E.2d 445 (1988), quoting Brown v. State, 250 Ga. 66, 71-72, 295 S.E.2d 727 (1982). The court reasoned that "`because jurors are not bound by the opinions on sanity of either lay or expert witnesses, the jury may reject defense testimony on insanity even if uncontradicted; the presumption of sanity does not disappear upon the introduction of evidence to the contrary and may be relied upon by the jury even after the introduction of evidence of insanity.'" McMachren, 187 Ga.App. at 794, 371 S.E.2d 445, quoting Brown, 250 Ga. at 71-72, 295 S.E.2d 727. However, reversal may be required where the jury arbitrarily ignores testimony and evidence at trial. "Insanity may be so clear and the proof so overwhelming that a jury finding of sanity cannot be upheld." Brown, 250 Ga. at 71, 295 S.E.2d 727. In both McMachren and Brown, *498 the reviewing courts found the evidence sufficient to support the jury's rejection of the insanity defense.
¶ 9 The standard of review employed by the Georgia courts in McMachren and Brown is consistent with the standard of review our Supreme Court adopted in a similar context in State v. Lively, 130 Wash.2d 1, 921 P.2d 1035 (1996). There, the defendant asserted the affirmative defense of entrapment to a charge of two counts of delivery of cocaine. Entrapment, like insanity, must be proved by a defendant by a preponderance of the evidence. Lively, 130 Wash.2d at 13-14, 921 P.2d 1035. The defendant moved, unsuccessfully, for a directed verdict. She contended that no rational trier of fact could find that she had failed to prove she was entrapped. The court denied the motion, and the jury brought in a verdict of guilty on both counts. On appeal, the defendant argued that the evidence presented was insufficient to support a finding that she was not entrapped.
¶ 10 The State responded by citing the familiar due process standard by which we review the sufficiency of the evidence to support a conviction: whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Green, 94 Wash.2d 216, 221-22, 616 P.2d 628 (1980). The Supreme Court found the Green standard of review would be applicable only if the State had the burden of proving the absence of entrapment beyond a reasonable doubt. "Since we have determined the trial court properly instructed the jury that the Defendant had the burden of proving entrapment by a preponderance of the evidence, we must look elsewhere for an appropriate standard of review." Lively, 130 Wash.2d at 17, 921 P.2d 1035.
¶ 11 The Supreme Court looked to other jurisdictions, including Georgia, for guidance as to the standard of review for sufficiency of the evidence when a defendant is required to prove an affirmative defense by a preponderance of the evidence. "The appropriate standard of review in such cases is whether, considering the evidence in the light most favorable to the State, a rational trier of fact could have found that the defendant failed to prove the defense by a preponderance of the evidence." Lively, 130 Wash.2d at 17, 921 P.2d 1035.
¶ 12 In light of Lively, the State makes too strong a statement when it claims that the issue raised by Matthews is unreviewable. Because insanity, like entrapment, is an affirmative defense that a defendant must prove by a preponderance of the evidence, the standard of review articulated in Lively is necessarily the appropriate standard to use in reviewing Matthews' contention that the jury erred in rejecting his defense.
¶ 13 It is a difficult standard to meet. There are few cases where a reviewing court has overturned a conviction on the basis that the jury irrationally rejected an insanity defense. Matthews cites State v. Roy, 395 So.2d 664 (La.1981). In that case, three doctors who testified for the defense diagnosed the defendant as a paranoid schizophrenic who was completely out of touch with reality. Neither the defense nor the State presented any lay testimony on the issue of sanity. "The State presented no controverting evidence, instead arguing that the defendant intended his actions, knowing that they were illegal and would result in his death. The State contended that the defendant's flight from the scene of the killing and his submission to the police when his car stopped revealed his sanity and his knowledge that he had done something wrong. Such actions are not inconsistent with a state of insanity, and could not by any rational fact finder be said to overcome the overwhelming evidence of insanity." Roy, 395 So.2d at 669. See also Herbert v. State, 357 So.2d 683 (Ala. Crim.App.1978), cited in Brown, 250 Ga. at 71, 295 S.E.2d 727 (presumption of sanity rebutted by conclusive evidence of insanity; there were no facts before the jury from which opposing inferences might have been rationally drawn).
¶ 14 In the present case, the fact that four experts testified that Matthews was insane is not conclusive. A fifth expert, Dr. Park Dietz, testified on behalf of the State that in his opinion, Matthews was sane. *499 About 50 lay witnesseseye witnesses and responding police officerstestified about Matthews' demeanor, words, and conduct before and after the shooting. The evidence considered by the jury supports a rational inference that Matthews was voluntarily intoxicated, that he intentionally shot Officer Herzog, knowing the nature and quality of that act; and that he knew the shooting was wrong. Applying the standard articulated in Lively, we conclude a rational trier of fact could find that Matthews failed to prove, by a preponderance of the evidence, that he was insane. The conviction is affirmed.
¶ 15 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
WE CONCUR: DWYER and COX, JJ.