## A06A2137. MCELREATH v. THE STATE.
### (643 SE2d 863)

BARNES, Chief Judge.

Hubert Lee McElreath has appealed the trial court's order denying his motion to correct or modify an illegal sentence, contending that the judge who sentenced him was not the judge who heard his trial, that he did not consent to have the other judge pronounce his sentence, and that the trial court erred in sentencing him as a recidivist. For the reasons that follow, we affirm the trial court's order.

McElreath was sentenced on January 14, 1999, and he directly appealed his conviction. This court affirmed the conviction in an unpublished opinion. *McElreath v. State*, Case No. A02A0863 (Decided October 7, 2002). McElreath subsequently filed a "Motion for Resentencing Hearing, Vacate and Set Aside Illegal Sentence," which the trial court denied. He filed a direct appeal, which this court dismissed on August 15, 2005 for lack of jurisdiction. *McElreath v. State*, Case No. A05A2186 (Order of August 15, 2005). Our order of dismissal notes that McElreath raised no issues he could not have raised on appeal, and this court's affirmance was res judicata. *Stirling v. State*, 199 Ga. App. 877 (406 SE2d 282) (1991). We further noted that, while the denial of a motion to correct a void sentence is directly appealable, *Williams v. State*, 271 Ga. 686, 689 (523 SE2d 857) (1999), McElreath did not actually assert that his sentence was void, but instead took issue with the procedure employed in imposing the sentence. Thus, he could not directly appeal the trial court's order denying his motion. *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004).

On February 6, 2006, McElreath filed a "Motion to Correct/Modify Illegal Sentence," arguing that his sentence was void and illegal. He argued that he was sentenced to 30 years to serve 20 in confinement as a recidivist, but was not indicted as a recidivist. He also contends that the record fails to reflect whether he was sentenced under OCGA § 16-13-30 (b) or under OCGA § 17-10-7; that the State failed to produce certified copies of his prior convictions at the sentencing hearing; and that his trial counsel was ineffective for failing to object to this omission. The trial court denied the motion, holding that

"Defendant is not entitled to any consideration of the current 'Motion' as his conviction has been appealed and affirmed."

McElreath argues on appeal once again about the procedures employed in imposing his sentence. For example, he contends that his sentence was imposed by a judge who did not preside over the trial, and who relied on the prosecution's statements regarding McElreath's prior convictions instead of requiring certified copies of those convictions. He was not indicted as a recidivist and had no notice of the State's intent to seek recidivist punishment. Further, his only prior conviction was sale of marijuana, which he contends should not have enhanced his sentence for possession with intent to sell amphetamine.

McElreath miscontrues OCGA § 16-13-30, which provides that upon a first conviction for manufacturing, delivering, distributing, dispensing, administering, selling, or possessing with intent to sell a Schedule I or Schedule II drug, a person may be sentenced to not less than five years nor more than thirty years. OCGA § 16-13-30 (d). Upon conviction of a second or subsequent offense, he can be imprisoned for not less than ten years nor more than forty years or life imprisonment. Id. Therefore, his sentence of 30 years was within the legal limit for even a first conviction of amphetamine possession with intent to sell, and accordingly was not illegal. We find no error in the trial court's order denying his motion to modify his sentence.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 20, 2007.

Hubert L. McElreath, *pro se.*

*Thurbert E. Baker, Attorney General, Robert W. Lavender, District Attorney*, for appellee.