## A08A1722. McKENZIE v. THE STATE.
(671 SE2d 259)

JOHNSON, Presiding Judge.

A jury found Jermaine McKenzie guilty of armed robbery, aggravated assault, and possessing a firearm during the commission of a crime. McKenzie appeals, challenging the sufficiency of the evidence. He also argues that the trial court erred in failing to suppress his statement to police. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, we view the evidence favorably to the jury's verdict, and the defendant no longer enjoys a presumption of innocence.[1] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find the defendant guilty beyond a reasonable doubt.[2]

So viewed, the evidence showed that just before 3:00 a.m. on December 14, 2006, a gunman with a scarf over his face entered a Waffle House restaurant and demanded money from a waitress. After the waitress gave him funds from the cash register, the gunman asked whether she had "dropped" any money into the lock box, where Waffle House employees put large bills and excess cash from the register. When the waitress denied putting money in the lock box, the gunman pushed his gun against the waitress' neck, asking whether she wanted to die. The waitress repeated that she had not placed money in the lock box, and the gunman fled.

Randy Shirley, a deputy with the Rockdale County Sheriff's Department, was on patrol when he received a report that the Waffle House had been robbed. At the time, Shirley was investigating a suspicious vehicle parked near the Waffle House. Believing the car might be involved in the robbery, Shirley approached and saw an individual crouched by the driver's door. That individual fled into the woods and eluded police.

The waitress identified a scarf found near the car as the scarf worn by the robber. A search of the vehicle also revealed a Waffle House payroll stub for McKenzie, who was a grill operator at another Waffle House; a car title listing McKenzie as the vehicle's purchaser; and insurance papers in McKenzie's name.

Around 3:00 that same morning, McKenzie called his girlfriend

---

[1] *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006).

[2] Id.

and asked her to pick him up. When the girlfriend found him in a church parking lot, he was sweating and breathing hard. They went back to the girlfriend's house, where McKenzie told her that he had taken money from the Waffle House. A short time later, officers arrived at the home and arrested McKenzie, who was sitting near a jacket and pants similar to those worn by the robber. McKenzie ultimately confessed to police that he had robbed the Waffle House.

The above-described evidence supported the jury's determination that McKenzie robbed the Waffle House at gunpoint, assaulted the waitress with a gun, and possessed a firearm during the commission of a crime.[3] Although McKenzie asserted at trial that he was forced to rob the restaurant by a group of men who abducted him from an apartment complex, the jury was authorized to disbelieve his account and find him guilty of the crimes charged.[4]

2. McKenzie also argues that the trial court erred in refusing to suppress his confession to police. We disagree.

The investigating officer who interviewed McKenzie testified that before the interview, he advised McKenzie of his *Miranda* rights. McKenzie agreed to waive those rights and executed a written waiver form. According to the investigator, McKenzie never requested an attorney or invoked his right to remain silent, and officers made no threats or promises to McKenzie, who appeared to be acting freely and voluntarily when he confessed. Another officer present during the interview gave substantially similar testimony.

In contrast, McKenzie asserted that officers ignored his effort to remain silent and threatened to place his girlfriend in jail if he did not confess. The trial court, however, resolved the evidentiary conflicts against McKenzie, determining that he did not invoke his right to remain silent and that he spoke to police freely, voluntarily, and without any hope of benefit or fear of injury.

"[W]here the testimony is in dispute, the trial court's determinations of fact and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous."[5] Given the testimony of the officers who participated in the interview, the evidence supported the trial court's factual findings. Accordingly, the trial court did not err in admitting McKenzie's statement.[6]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

---

[3] See OCGA §§ 16-8-41 (a) (defining armed robbery); 16-5-21 (a) (defining aggravated assault); 16-11-106 (defining possession of a firearm during the commission of a crime).

[4] *Martinez,* supra at 500-501.

[5] (Citation and punctuation omitted.) *Wells v. State,* 237 Ga. App. 109, 112-113 (3) (514 SE2d 245) (1999).

[6] *Jackson v. State,* 267 Ga. 130, 132 (5) (b) (475 SE2d 637) (1996); *Wells,* supra at 113 (3).

DECIDED DECEMBER 12, 2008.

*Mark R. Gaffney*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.