## A09A0168. RANSOM v. THE STATE.
(680 SE2d 200)

DOYLE, Judge.

Following a jury trial, Andre Ransom appeals his conviction of armed robbery,[1] aggravated assault with a deadly weapon,[2] and possession of a firearm during the commission of a crime.[3] Ransom contends that (1) the trial court erred in not merging the aggravated assault count with the armed robbery count, and that (2) he received ineffective assistance of counsel. Discerning no reversible error, we affirm.

Construed in favor of the verdict,[4] the evidence shows that days

---

[1] OCGA § 16-8-41 (a).
[2] OCGA § 16-5-21 (a) (2).
[3] OCGA § 16-11-106 (b) (1).
[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

after getting into a physical altercation with the victim (a long-time friend), Ransom, armed with a pistol, confronted the victim and several others about rumors that the victim or others would seek revenge against Ransom. Ransom pointed the pistol at the victim and threatened to kill him, singling him out in a string of profanities. The victim stood his ground, and Ransom then ordered the victim to empty his pockets, from which Ransom collected $200 in cash. Ransom again threatened the victim with the pistol and then fled the scene.

The victim's associates called the police, and Ransom was ultimately charged with and convicted of aggravated assault, armed robbery, and possession of a firearm during the commission of a crime. Ransom unsuccessfully moved for a new trial, and this appeal followed.

1. Ransom contends that the trial court erred in failing to merge the aggravated assault count with the armed robbery count. Because the aggravated assault was completed prior to the armed robbery, we disagree.

"Aggravated assault is not a lesser included offense of armed robbery as a matter of law, [as Ransom concedes,] and the two offenses rarely merge as a matter of fact,"[5] which is proper when the same facts are used to prove both offenses. If "the underlying facts show that one crime was completed prior to the second crime, . . . there is no merger."[6]

Here, the evidence shows that Ransom confronted the victim by entering the room with a pistol and saying, "where is the motherf-----? I'm going to kill the motherf------. I'm going to f--- you up," referring to the victim. At this point, Ransom had completed the offense of aggravated assault with a deadly weapon.[7] The evidence further shows that after threatening the victim (presumably to prevent him from retaliating against Ransom for the prior altercation), Ransom ordered the victim to empty his pockets at gunpoint. Ransom then took $200 from the victim. These separate and subsequent facts comprised the armed robbery.[8] Therefore, because

---

[5] (Citations and punctuation omitted.) *Henderson v. State*, 285 Ga. 240, 244 (4) (675 SE2d 28) (2009).

[6] (Citation omitted.) *Gaither v. Cannida*, 258 Ga. 557, 557-558 (1) (372 SE2d 429) (1988). See also *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) ("the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not") (punctuation and footnote omitted).

[7] See OCGA § 16-5-21 (a) (2); *Lewis v. State*, 297 Ga. App. 517 (1) (677 SE2d 723) (2009).

[8] See OCGA § 16-8-41 (a).

the aggravated assault was completed before the armed robbery, the trial court did not err in failing to merge the two offenses.[9]

2. Ransom contends that he received ineffective assistance of counsel because (a) counsel failed to locate and call two witnesses identified by Ransom prior to trial, and (b) counsel failed to request a jury charge on the lesser included offense of robbery. We disagree.

To succeed on an ineffective assistance claim, Ransom must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[10] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[11] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[12] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[13]

(a) *Failure to call witnesses.* Prior to trial, Ransom gave his attorney two names of witnesses who were present during the armed encounter and would apparently testify that Ransom did not rob the victim. For one witness, Ransom did not provide a telephone number or address, and Ransom's attorney was unable to locate the witness despite seeking more information from Ransom's wife. With respect to the second witness, Ransom's attorney was able to reach the witness's brother, who reported that the witness did not want to participate.

Pretermitting whether this amounted to deficient performance, at the hearing on the motion for new trial, the attorney testified that the witnesses would dispute the State's account of what happened during Ransom's armed encounter with the victim. One of the missing witnesses testified at the motion hearing that he was present during the encounter and that Ransom was armed, but he did not

---

[9] See *Blocker v. State*, 265 Ga. App. 846, 848 (2) (a) (595 SE2d 654) (2004) ("[a]s separate facts were used to prove each crime, the trial court did not err by refusing to merge the offenses" of aggravated assault and armed robbery).

[10] *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[11] (Citations and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[12] See *Strickland v. Washington*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[13] (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

point the weapon at the victim and did not rob the victim.[14] This testimony directly contradicted Ransom's trial testimony, which asserted that Ransom was not even present during the armed encounter. Ransom's testimony was consistent with the defense's theory of the case, which was that Ransom was not at the scene that day. The theory was also based on pre-trial affidavits sworn by four State's witnesses that the statements they gave to police implicating Ransom were incorrect. In light of the stated trial strategy of showing that Ransom was not at the scene, and in light of the evidence supporting such a theory, including Ransom's own testimony and the State's witnesses' recantations, testimony from the missing witnesses that Ransom *was* at the scene — but did not rob the victim — would not have supported Ransom's defense. Nor can we say that such a trial strategy was unreasonable. "The fact that present counsel would pursue a different strategy does not render trial counsel's strategy unreasonable. Effectiveness of trial counsel is not judged by hindsight or result."[15] Therefore, Ransom has failed to demonstrate that there is a reasonable probability that the trial result would have been different if not for trial counsel's failure to locate and call the two missing witnesses.

Ransom also contends that his trial counsel performed deficiently by failing to contact and obtain the testimony of the attorney who prepared the pre-trial affidavits that recanted the statements given to police. Ransom argues that if his trial counsel had contacted the attorney, trial counsel could have determined the incredibility of the affidavits, called the witness to testify, and changed the defense theory. However,

> [i]t is well established that the decision as to which defense witnesses to call is a matter of trial strategy and tactics, and that tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances.[16]

In light of the evidence supporting trial counsel's theory of defense, we conclude that trial counsel's strategy and tactics here were not so

---

[14] The other missing witness did not testify at the hearing and therefore presented no alternative exculpatory theory. See *Woods v. State*, 275 Ga. 844, 850 (3) (d) (573 SE2d 394) (2002) ("[t]he failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant").

[15] (Citations and punctuation omitted.) *Freeman v. State*, 284 Ga. 830, 835 (4) (672 SE2d 644) (2009)

[16] (Citations omitted.) *Watkins v. State*, 285 Ga. 355, 358 (2) (676 SE2d 196) (2009).

YALE LAW LIBRARY

unreasonable as to constitute deficient performance.

(b) *Failure to request a charge on lesser included crime of robbery.* Although Ransom further contends that his trial counsel was ineffective in failing to request a jury charge on robbery as a lesser included crime in armed robbery, "he failed to raise that argument in his motion for new trial. Thus, he waived the right to argue this issue on appeal. Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived."[17] Nevertheless, we note that requesting such a charge would have been inconsistent with the defense's theory of the case, i.e., that Ransom was not at the scene during the armed robbery.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 16, 2009.

*John P. Rutkowski,* for appellant.
*Peter J. Skandalakis, District Attorney,* for appellee.

---

[17] (Citations and punctuation omitted.) *Godfrey v. State,* 274 Ga. App. 237, 240 (1) (d) (617 SE2d 213) (2005).