## A09A1972. McKENZIE v. THE STATE.

(691 SE2d 352)

BERNES, Judge.

Following a jury trial, Jermaine Omar McKenzie was convicted of armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. He argues on appeal that his sentence is void because his convictions should have merged, and otherwise makes various challenges to the length of the sentence imposed. We find no error and affirm.

This is the second time this case has appeared before this Court. In *McKenzie v. State*, 295 Ga. App. 219 (1) (671 SE2d 259) (2008), we summarized the relevant facts as follows:

> [J]ust before 3:00 a.m. on December 14, 2006, a gunman with a scarf over his face entered a Waffle House restaurant and demanded money from a waitress. After the waitress gave him funds from the cash register, the gunman asked whether she had "dropped" any money into the lock box, where Waffle House employees put large bills and excess cash from the register. When the waitress denied putting money in the lock box, the gunman pushed his gun against the waitress' neck, asking whether she wanted to die. The waitress repeated that she had not placed money in the lock box, and the gunman fled.

McKenzie was ultimately apprehended and confessed to the crime. After a jury convicted him of armed robbery, aggravated assault, and possession of a firearm during the commission of a felony, the trial court sentenced him to twenty years to serve on the armed robbery, twenty years probation on the aggravated assault, and five years probation on the possession of a firearm during the commission of a felony, each to run consecutively.

In *McKenzie*, 295 Ga. App. at 219-220 (1), we held, among other things, that the trial evidence was sufficient to sustain McKenzie's convictions. See OCGA §§ 16-5-21 (a) (aggravated assault); 16-8-41 (a) (armed robbery); 16-11-106 (possession of a firearm during the commission of a crime). Upon remittitur to the trial court, McKenzie filed a new motion which the trial court construed to be a motion to vacate a void sentence. The trial court denied the motion and it is from that order that McKenzie now appeals.[1]

1. McKenzie now argues that his sentence is void because his

---

[1] The denial of a defendant's motion to correct an allegedly void sentence is directly appealable as a matter of right. See *Williams v. State*, 271 Ga. 686 (523 SE2d 857) (1999).

convictions should have merged for sentencing.[2] We disagree.

(a) *Armed Robbery and Aggravated Assault.* The doctrine of merger precludes the imposition of multiple punishment when the same conduct establishes the commission of more than one crime. See OCGA § 16-1-7 (a); *Drinkard v. Walker*, 281 Ga. 211, 212-213 (636 SE2d 530) (2006). But, the multiple convictions must be premised upon the same conduct in order for the rule to apply. See *Drinkard*, 281 Ga. at 212-213; *Nava v. State*, 301 Ga. App. 497, 501-502 (2) (687 SE2d 901) (2009); *Goss v. State*, 289 Ga. App. 734, 738-739 (3) (b) (658 SE2d 168) (2008). Thus, "[i]f the underlying facts show that one crime was completed prior to the second crime, there is no merger." (Punctuation and footnote omitted.) *Ransom v. State*, 298 Ga. App. 360, 361 (1) (680 SE2d 200) (2009). And we note that "[a]ggravated assault is not a lesser included offense of armed robbery as a matter of law, and the two offenses rarely merge as a matter of fact." (Citations and punctuation omitted.) *Henderson v. State*, 285 Ga. 240, 244 (4) (675 SE2d 28) (2009).

Here, McKenzie's convictions of armed robbery and aggravated assault did not merge because they did not involve the same conduct. The crime of armed robbery was complete when McKenzie entered the restaurant and, with the use of a handgun, demanded and took money from the waitress. See OCGA § 16-8-41 (a) ("A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon."); *Ransom*, 298 Ga. App. at 361-362 (1); *Wallace v. State*, 295 Ga. App. 452, 456 (3) (671 SE2d 911) (2009); *Smith v. State*, 289 Ga. App. 742, 742-743 (1) (658 SE2d 156) (2008). After the armed robbery had been completed and McKenzie did not like the waitress's response to his question regarding the lockbox, he pushed his gun against the waitress's neck and asked her whether she wanted to die. This conduct formed the basis of his aggravated assault conviction. See OCGA §§ 16-5-20; 16-5-21 (a) (2) (a person commits the offense of aggravated assault when he or she "places another in reasonable apprehension of immediately receiving a violent injury" with a deadly weapon); *Ransom*, 298 Ga. App. at 361 (1); *Adams v. State*, 282 Ga. App. 819, 820-821 (1) (640 SE2d 329) (2006). Because McKenzie's convictions on these two independent crimes were based upon separate and distinct conduct, they did not merge for sentencing purposes. See *Henderson*, 285 Ga. at 244 (4); *Yates v. State*, 298

---

[2] McKenzie's merger argument is not barred by the doctrine of res judicata, because a sentence that imposes punishment on two separate convictions that should have been merged is void, and void judgments may be vacated "at any time in any court." (Citation omitted.) *Garibay v. State*, 290 Ga. App. 385, 386 (1) (659 SE2d 775) (2008). See OCGA § 17-9-4.

Ga. App. 727, 730-731 (3) (681 SE2d 190) (2009); *Ransom*, 298 Ga. App. at 361-362 (1). See also *Kollie v. State*, 301 Ga. App. 534, 546 (14) (a) (687 SE2d 769) (2009).

(b) *Possession of a Firearm During the Commission of a Felony*. Nor did McKenzie's conviction on possession of a firearm during the commission of a felony merge with either of his other convictions. OCGA § 16-11-106 (b) (1) renders it a distinct offense to commit with a firearm a crime "against or involving the person of another."

> There is express legislative intent to impose double punishment for conduct which violates both OCGA § 16-11-106 and other felony statutes. OCGA § 16-11-106 (e) states that "[a]ny crime committed in violation of subsection[ ] (b) . . . of this Code section shall be considered a separate offense" from the offense of possession of a firearm during the commission of any of said crimes. The crimes encompassed by the broad language of OCGA § 16-11-106 (b) include offenses such as aggravated assault, armed robbery, kidnapping, and burglary.

(Citations and punctuation omitted.) *Golden v. State*, 233 Ga. App. 703, 705 (2) (c) (505 SE2d 242) (1998). See OCGA § 16-11-106 (e); *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714) (1982); *Garibay*, 290 Ga. App. at 387 (3); *McMachren v. State*, 187 Ga. App. 793, 796 (4) (371 SE2d 445) (1988). It follows that McKenzie's sentence was not void as a result of the trial court's failure to merge his convictions.

2. McKenzie next challenges his sentence on the ground that it constitutes cruel and unusual punishment, in violation of the Eighth Amendment, among other procedural grounds. To the extent that McKenzie's claims take issue with the procedure employed in imposing his sentence, they are barred by the doctrine of res judicata and will not be considered. *McElreath v. State*, 284 Ga. App. 349 (643 SE2d 863) (2007).

We nonetheless note that the trial court's sentence fell within the statutory range of punishment. See OCGA §§ 16-5-21 (b); 16-8-41 (b); 16-11-106 (b). "It is well established that the trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it." (Citations and punctuation omitted.) *Bennett v. State*, 292 Ga. App. 382, 385 (1) (665 SE2d 365) (2008). See *Taylor v. State*, 261 Ga. App. 248, 249 (3) (582 SE2d 209) (2003); *Pollard v. State*, 230 Ga. App. 159, 161-162 (5) (495 SE2d 629) (1998). Moreover, it was within the trial court's discretion to order that McKenzie's sentences on armed robbery and aggravated assault

run consecutively. See OCGA § 17-10-10 (a); *Bennett*, 292 Ga. App. at 385 (1). And finally,

> [a] presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment. Such presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience.

(Citation and punctuation omitted.) *Kollie*, 301 Ga. App. at 543-544 (10). See also *Bennett*, 292 Ga. App. at 385 (1). McKenzie has failed to do so.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 1, 2010.

Jermaine McKenzie, *pro se.*
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

