**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 19, 2013**

# In the Court of Appeals of Georgia

A12A2079. MCGLASKER v. THE STATE.

BARNES, Presiding Judge.

Whitney McGlasker appeals from the denial of her motion for new trial following her convictions for three counts of armed robbery and four counts of aggravated assault. On appeal, she contends that the State presented insufficient evidence of venue, the trial court erred in failing to merge for sentencing purposes a count of aggravated assault into a count of armed robbery of the same victim, and that trial counsel was ineffective for not requesting the merger. Following our review, we affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict and the defendant no longer enjoys a presumption of innocence. *Bryan v. State*, 271 Ga. App. 60 (1) (608 SE2d 648) (2004). We do not

weigh the evidence or determine witness credibility, but determine only whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on December 1, 2008, victim 1 was robbed at gunpoint at the Colony Apartments on North Hairston Road by two men who got out of a gold Chevrolet Cavalier. A woman in the car did not get out during the robbery. The men took the victim's cell phone, cash and driver's license. One of the men hit the victim in his face with the gun.

That same night, victim 2, a plumber, was working on a water main break at the Windchase Apartments located near the first robbery when he saw two men approach his assistant who had gone to his truck to retrieve a tool. When victim 2 went to the truck, one of the men held a gun to his head and told him that "this [is] a robbery." The second man started hitting the victim's assistant with his gun, and when victim 2 attempted to stop him, the first man hit him in his head with the gun. The robbers took victim 2's wallet and tool bag and his assistant's wallet and cell phone. The victim did not see a woman with the men.

Victim 3 was walking near the Windchase Apartments when she saw a gold Chevrolet Cavalier exit the complex. As she walked down the sidewalk, she heard a

2

car door slam and was approached by a man who grabbed her and pointed a gun in her face. The gold Cavalier was only a few feet away and she could see the occupants– a woman driver and a second man – and after the gunman took her purse and camera, he got into the rear seat of the car and they drove off. Victim 3 was able to get the tag number of the car, and called 911 with a description of the car.

The three robberies occurred within a three-mile radius at approximately 9:30, 9:40 and 9:50 p.m. Shortly after 10:00 p.m., a BOLO was issued for the car and the suspects, identified as two men and a woman. An officer with the Pine Lake police department was nearby and saw the gold Cavalier parking at the Highland Run apartments. The car was driven by a woman and two men were passengers. The woman, later identified as McGlasker, was arrested at the scene and the two men were arrested later in the apartment.

When police executed a search warrant in the apartment, they recovered several items reported stolen, including victim 1's drivers license and cell phone, victim 2's tool bag, and victim 3's camera. Police also recovered a .357 magnum revolver from the toilet tank in the master bathroom, and bloody bullets under a mattress.

Victim 1 identified the two men who robbed him from a photographic lineup. He could not identify the woman who was driving. Victim 2 identified the gunman who robbed him in a photographic lineup, but could not identify the second robber. Victim 3 identified the man who robbed her, the woman driver and the second man in a photographic lineup. She identified McGlasker as the driver of the car, and positively identified her as the driver at the trial as well.

1. McGlasker contends that the State failed to prove venue beyond a reasonable doubt. We do not agree.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. . . . The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-903 (2) (537 SE2d 80) (2000). This Court views the evidence in the light most favorable to the verdict and determines whether the evidence was sufficient to permit a finding that

4

the crime was committed in the county where the defendant was indicted. See *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).

Here, one of the investigating officers testified that the three robberies took place at apartments located within a three-mile area which he referenced from a map showing the area. He further testified that the area was within Dekalb County. Further, all three victims testified that the crimes occurred within that area. This was sufficient evidence concerning the location of the acts to establish that the crimes occurred in Dekalb County.

2. McGlasker next contends that the trial court erred in not merging the aggravated assault and armed robbery counts of victim 2 for sentencing purposes. She maintains that the because the aggravated assault was committed to accomplish the armed robbery, the counts should have merged. We do not agree.

Whether offenses merge is a legal question, which we review de novo. *Jones v. State*, 285 Ga. App. 114, 115 (645 SE2d 602) (2007).

> The doctrine of merger precludes the imposition of multiple punishment when the same conduct establishes the commission of more than one crime. But the multiple convictions must be premised upon the same conduct in order for the rule to apply. Thus, if the underlying facts show that one crime was completed prior to the second crime, there is no merger. And we note that aggravated assault is not a lesser included

5

offense of armed robbery as a matter of law, and the two offenses rarely merge as a matter of fact.

(Citations and punctuation omitted.) *McKenzie v. State*, 302 Ga. App. 538, 539 (1) (a) (691 SE2d 352) (2010).

Count 2 of the indictment charged McGlasker with the armed robbery of victim 2, in that she "did unlawfully take a wallet, property of [victim 2] . . . by the use of a handgun[.]" Count 8 of the indictment charged McGlasker with aggravated assault, in that she "did make an assault upon the person of [victim 2] with a handgun, an object when used offensively against a person is likely to result in serious bodily injury, by striking [victim 2] in the head with such handgun."

The evidence at trial demonstrated that as a gun was being held to his head by one robber, victim 2 attempted to stop a second robber from hitting his assistant, and the first robber then pistol-whipped victim 2. After victim 2 was injured, the first robber, who continued to hold his gun on the victim, then took his wallet and tool bag. Under these circumstances the trial court was authorized to conclude the assault with the gun was a separate act from the armed robbery. See *Moore v. State*, 285 Ga. 157, 158-159 (3) (674 SE2d 315) (2009) (pulling a gun on victim near refrigerator

6

and the separate shooting of same victim behind cash register only moments later were two separate, complete crimes).

Because McGlasker's convictions on these two independent crimes were based upon separate and distinct conduct, they did not merge for sentencing purposes.

3. McGlasker also contends that trial counsel was ineffective for failing to request that Counts 2 and 8 be merged for sentencing.

"In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Citations and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004). "[A] court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one." (Citation and punctuation omitted.) *Covington v. State*, 251 Ga. App. 849, 852 (2) (555 SE2d 204) (2001). "We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* [*v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984)], test unless clearly erroneous." *Artis v. State*, 299 Ga. App. 287, 291 (3) (682 SE2d 375) (2009).

We conclude that McGlasker cannot carry her burden of showing that her trial counsel's performance was deficient. The merger of the aggravated assault and armed robbery in Counts 2 and 8 were not authorized; thus, counsel's failure to pursue a meritless motion cannot constitute a basis for a claim of ineffective assistance of counsel. *Lupoe v. State*, 284 Ga. 576, 580 (3) (f) (669 SE2d 133) (2008).

*Judgment affirmed. McFadden and McMillian, concur*.