**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 25, 2023**

# In the Court of Appeals of Georgia

A22A1544. TORRES-TOLEDO v. THE STATE.

PHIPPS, Senior Appellate Judge.

Javier Torres-Toledo pled guilty to one count each of armed robbery and aggravated assault with a deadly weapon, and the trial court imposed a total sentence of 15 years in prison, to be followed by 25 years on probation. Torres-Toledo appeals, contending that the trial court erred by allowing the State to breach the parties' plea agreement. For the reasons that follow, we reject Torres-Toledo's claim as to a purported plea agreement but conclude that the trial court should have merged his convictions. We therefore vacate his aggravated assault conviction and remand the case for resentencing.

In March 2021, a grand jury indicted Torres-Toledo for one count each of armed robbery and aggravated assault with a deadly weapon. The following January,

Torres-Toledo filed a motion to enforce a plea agreement. He alleged that, in exchange for his agreement to withdraw a motion he had filed to withdraw a guilty plea in another case, the State had agreed to: (i) reduce one or both of the charges in the current case to simple robbery; (ii) recommend a total sentence of "15 serve 8 years"; and (iii) seek to modify the punishment in the other case to the same total sentence. Torres-Toledo further alleged that, while he had fulfilled his obligation by withdrawing his motion to withdraw the guilty plea in the other case, it had "bec[o]me clear" that the State was not going to hold up its end of the bargain. The appellate record contains neither a response to this motion nor a written order disposing of it.

During a court proceeding the day after the motion was filed, a negotiated plea was presented to the trial court, which rejected the plea based on the "facts of the case." The appellate record contains no transcript of that proceeding, and the terms of any such negotiated plea therefore are unclear.[1] One week later, Torres-

---

[1] In its appellate brief, the State asserts that, although it initially made *offers* "to close the present case and another case to a sentence of 15 years with 8 years to serve" and to reduce the armed robbery charge to robbery by force, the parties did not present any finalized plea *agreement* to the trial court before the court's plea deadline. It appears that one or more transcripts may have been omitted from the record on appeal. Because Torres-Toledo neither relies on any such transcripts nor otherwise

2

Toledo filed a motion to reduce the armed robbery charge to simple robbery based on the parties' alleged plea agreement. Later that day, a plea hearing was held. During the hearing, Torres-Toledo argued that the parties had entered into a "binding plea agreement," pursuant to which any plea to be entered that day would be to a single count of a reduced charge of simple robbery. The State responded that it was under no obligation to allow Torres-Toledo to enter a plea to a reduced charge and asked the trial court to deny his request to do so.

The trial court orally denied Torres-Toledo's motion to reduce the armed robbery charge to simple robbery on the ground that no negotiated plea had been presented to the court before its "negotiated plea deadline of December 6th of 2021."[2] Torres-Toledo then entered non-negotiated guilty pleas to armed robbery and aggravated assault, and the trial court imposed a total sentence of 15 years in prison, to be followed by 25 years on probation. This appeal followed.

1. In his sole enumeration of error, Torres-Toledo contends that the trial court erred by allowing the State to breach its obligation under the alleged plea agreement

asserts that they are necessary to the resolution of this appeal, we dispose of the appeal on the appellate record as it exists.

[2] No written order disposing of the motion appears in the record.

to reduce the charges to a single count of simple robbery. Torres-Toledo has not met his burden of establishing reversible error.

"[A] plea bargain agreement is a contract under Georgia law which binds both the prosecutor and defendant." *State v. Harper*, 271 Ga. App. 761, 762 (1) (610 SE2d 699) (2005) (citation and punctuation omitted). And "[p]ublic policy and the great ends of justice generally require the enforcement of plea agreements . . . ." *Syms v. State*, 331 Ga. App. 225, 227 (770 SE2d 305) (2015) (citation and punctuation omitted). Nevertheless, "[a] trial judge has wide discretion to accept or reject a negotiated plea . . . ." *Barber v. State*, 316 Ga. App. 701, 702, n. 4 (730 SE2d 176) (2012).

On appeal, Torres-Toledo does not address the basis on which the trial court denied his request to reduce the armed robbery charge to simple robbery — i.e., that no negotiated plea agreement was presented to the trial court by the court's deadline. He therefore has waived any appellate challenge he may have had to the court's ruling in that regard by failing to raise it in his appellate brief. See *Gresham v. Harris*, 349 Ga. App. 134, 138 (1), n. 10 (825 SE2d 516) (2019) (concluding that the appellant waived any claim that the trial court erred in making a certain finding "by failing to enumerate it as an error and provide any supporting argument" on appeal); *Karlsberg*

4

*v. Hoover*, 142 Ga. App. 590, 594 (236 SE2d 520) (1977) ("[A]n appellant is required in its initial brief to file an argument which supports any enumerations of error it does not wish to waive.").

Further, Torres-Toledo also has identified no record evidence — other than his own self-serving assertions — establishing what terms, if any, the parties may have settled on as a part of any potential plea agreement.[3] And he similarly has identified no record evidence showing that he withdrew a motion to withdraw a guilty plea in another proceeding, whether pursuant to any plea negotiations in the current case or for any other reason. Even if he had, where, as here, a trial court announces that it does not intend to follow a sentencing recommendation included as part of plea negotiations, the State is authorized to withdraw any consent it may have given to a negotiated plea. *State v. Kelley*, 298 Ga. 527, 531 (783 SE2d 124) (2016). In short, Torres-Toledo simply has not met his burden of establishing any error by the trial court or wrongdoing by the State with respect to the State's failure to comply with a potential plea agreement. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) ("It is [the appellant]'s burden, as the party challenging the ruling below, to

---

[3] Importantly, Torres-Toledo does not assert that any transcripts that may have been omitted from the record on appeal support his claims as to the substance of any potential plea agreement. See note 1, above.

affirmatively show error from the record on appeal."); *Dickerson v. State*, 280 Ga. App. 29, 34 (2) (633 SE2d 367) (2006) ("[I]t is not the appellate court's duty to cull the record in search of error.").

2. Although not raised by either party, the trial court should have merged Torres-Toledo's convictions. See *Nazario v. State*, 293 Ga. 480, 485 (2) (b) (746 SE2d 109) (2013) ("[M]erger claims cannot be waived because a conviction that merges as a matter of law or fact with another conviction is void . . . ."); see also id. at 480 (because a conviction that merges with another is a nullity, a sentence imposed on such a conviction following a trial or guilty plea will be vacated in a direct appeal, even if the defendant does not assert the error, where the merger is "established by the record"). The merger doctrine precludes the imposition of multiple punishments when the same conduct constitutes more than one crime. *McKenzie v. State*, 302 Ga. App. 538, 539 (1) (a) (691 SE2d 352) (2010); see OCGA § 16-1-7 (a). "The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. . . . [I]f the same facts are used to prove the different offenses, the different crimes merge." *Bonner v. State*, 308 Ga. App. 827, 830 (2) (709 SE2d 358) (2011) (citation and punctuation omitted).

To determine if an aggravated assault with a deadly or offensive weapon, indicted under OCGA § 16-5-21 (a) (2), is a lesser included offense of armed robbery, we apply the "required evidence" test set forth in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006). Under that test, the important question is whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged. . . . [T]here is no element of aggravated assault with a deadly or offensive weapon, OCGA § 16-5-21 (a) (2), that is not contained in armed robbery, OCGA § 16-8-41 (a). Consequently, convictions for both offenses will merge — but only if the crimes are part of the same act or transaction.

*Haynes v. State*, 322 Ga. App. 57, 60 (2) (743 SE2d 617) (2013) (citations and punctuation omitted); accord *Jefferson v. State*, 360 Ga. App. 75, 79-80 (2) (860 SE2d 614) (2021). Thus, where "the same assault is used to support a charge of aggravated assault and a charge of armed robbery, the aggravated assault conviction must merge with the conviction of armed robbery." *Young v. State*, 272 Ga. App. 304, 308 (2) (612 SE2d 118) (2005).

Here, Torres-Toledo's indictment alleged that he committed both crimes against the same victim on the same date. And during his plea hearing, the State similarly alleged that, after the victim declined to lend Torres-Toledo money, Torres-

Toledo "produced a knife, which he used to stab and cut [the victim] while asking for money" and that, "upon seeing a large amount of blood in the front of his car," the victim gave Torres-Toledo "some cash, keys, and a wallet." Because the same assault was used to support both charges, the trial court should have merged Torres-Toledo's convictions. See *Jefferson*, 360 Ga. App. at 79-80 (2) (the defendant's convictions for aggravated assault and armed robbery should have merged because they were "part of the same transaction"); *Haynes*, 322 Ga. App. at 61 (2) ("[T]he striking of the husband with [a] handgun and the commission of [an] armed robbery were not separate and distinct acts committed in sequential order but rather were one uninterrupted criminal transaction.") (citation and punctuation omitted). Thus, while we affirm Torres-Toledo's armed robbery conviction for the reasons stated above in Division 1, we vacate his conviction for aggravated assault and instruct the trial court to merge the convictions and resentence him accordingly on remand. See generally *Sears v. State*, 292 Ga. 64, 73-74 (6) (734 SE2d 345) (2012) (vacating conviction that should have merged and remanding for resentencing).

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Doyle, P. J., and Markle, J., concur.*